UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
        v.                         :  Crim. Action No. 07-0060 (JR)
                                   :
VINSON GALES,                      :           **FILED**
                                   :
            Defendant.             :           JUN 1 1 2008
                                   :
                                      NANCY MAYER WHITTINGTON, CLERK
          MEMORANDUM [1]                     U.S. DISTRICT COURT

The sentencing calculus in this case required that someone answer the question whether Vinson Gales "truthfully provided to the Government all information and evidence [he] ha[d] concerning the offense" for which he was being sentenced – distribution of cocaine base. That requirement was imposed by the "safety valve" provision, 18 U.S.C. § 3553(f)(5), which instructs the court to "impose a sentence pursuant to the guidelines . . . without regard to any statutory minimum sentence," where

> not later than the time of the sentencing
> hearing, the defendant has truthfully
> provided to the Government all information
> and evidence the defendant has concerning the
> offense or offenses that were part of the
> same course of conduct or of a common scheme
> or plan, but the fact that the defendant has
> no relevant or useful other information to
> provide or that the Government is already
> aware of the information shall not preclude a

---

[1] This memorandum is to be attached to the Statement of Reasons, which is itself an attachment to the Judgment and Commitment Order, and it will be separately filed and published as part of the public record.

> determination by the court that the defendant
> has complied with this requirement.

There is no dispute that Vinson Gales satisfied the first four safety valve elements: he had no criminal history, his crime was non-violent, no firearm was possessed in connection with the offense, and he was not an organizer of any criminal enterprise. See 18 U.S.C. § 3553(f)(1)-(4).  But the government maintained that Gales had failed as to the fifth element, quoted supra, because he had not truthfully given the name of his narcotics supplier – that the story he gave in debriefing was a sham.  That proposition, if true, disqualified him from receiving a sentence of less than the five-year mandatory minimum.

Our Court of Appeals has interpreted the disclosure requirement of § 3553(f)(5) broadly, requiring "full and candid disclosure by the defendant of all information in his possession concerning the charged offense." United States v. Gaviria, 116 F.3d 1498, 1521-22 (D.C. Cir. 1997).  It has implied – but has not squarely held – that a drug defendant must disclose not only his own role in the offense, but also the "nature and source of supply" and "whom he has been dealing with and whom he has done other transactions with."[2] United States v. Evans, 216 F.3d 80, 91 (D.C. Cir. 2000).  It has also placed the burden of proof on the defendant "to establish by a preponderance of the evidence

---

[2] This appears to be controlling grammatical precedent, up with which this court must put.

- 2 -

that he is entitled to safety valve relief." United States v. Mathis, 216 F.3d 18, 29 (D.C. Cir. 2000); see also United States v. White, 1 F.3d 13, 18 (D.C. Cir. 1993) ("[D]efendant properly bears the burden of proof under those sections of the Guidelines that define mitigating factors.").

In most cases, these rules work reasonably well: the otherwise-qualified offender engages in a debriefing, the government is satisfied – often with a debriefing that is perfunctory – and the "safety valve" is duly applied. But if, as in this case, the prosecutor believes that the defendant is withholding information or misstating facts, the duty of deciding whether the defendant has been truthful shifts to the judge, and the burden of proof shifts to the defendant. Now, the defendant faces a Hobson's choice. He can try to carry his burden of showing that he has truthfully disclosed all the information in his possession about his supplier by taking the stand, testifying, and letting the judge evaluate his credibility – although it was obviously because he wanted to avoid testifying about the acts of others that Gales refused the government's offer of a cooperation agreement under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Or, as Gales did in this case, he can remain silent and effectively concede his failure to sustain the necessary burden.

At the sentencing hearing in this case, I doubted that Gales would want to testify, and indeed, he expressed no willingness to do so.  Instead, his lawyer presented his story by way of a proffer: that he received his drugs from someone he had known from childhood but knew only as Jake; that he did not know Jake's last name or where he lived; that he contacted Jake using a cell phone that had been discarded; that Jake's phone number had been programmed into the cell phone but that he could not remember it; that Jake was an African-American male of medium height and build; that Jake did not have any distinctive features; that Jake often hung around in a particular park; and that Jake did have one distinctive piece of jewelry.

This story could not be cross-examined, it was uncorroborated, and I found it implausible.  I doubted that Gales would have done regular business with a person about whom he had such little information.  The record - a proffer, weighed against plausibility in the light of common sense - did not sustain Gales's burden of establishing (by a preponderance of the evidence) that he had fully and candidly disclosed "whom he ha[d] been dealing with and whom he ha[d] done other transactions with."  I concluded that Gales had simply decided to accept a longer sentence - the safety valve reduction in his case would have been only 3-14 months – rather than try to explain (to fellow inmates, to his community, to himself) that telling the

- 4 -

police what he knew about his crime was not the same as "snitching."

My refusal of the safety valve was driven by Circuit precedent whose allocation of the burden of proof means that, by merely asserting doubt about an offender's truthfulness, a prosecutor can place the offender in the position of having to prove a negative.  It is difficult to imagine how a defendant can prove that he does not know a supplier's name unless he testifies to his own lack of knowledge, but in this case Gales has already accepted the consequences of refusing to testify, forfeiting his chance to receive the very substantial sentencing benefit available under U.S.S.G. § 5K1.1.  And what, exactly, is the point, or the public benefit, of requiring a defendant to identify his supplier when the government asserts, <u>as the basis for its claim that the defendant has been untruthful</u>, that it already knows the identity of the supplier?  If the point is nothing more than to vindicate the safety valve's requirement of "truthfulness," notwithstanding the clear direction of the statute that

> the fact that the defendant has no relevant
> or useful other information to provide or
> that the Government is already aware of the
> information shall not preclude a
> determination by the court that the defendant
> has complied with this requirement,

then, in my view, the controlling Circuit precedents need to be re-examined.  A story told by an otherwise safety valve eligible

defendant - any story - should be enough to shift to the prosecution the burden of proving its falsity.  There can be little worry that such a rule will encourage fabrication; the Sentencing Guidelines discourage lying.  <u>See, e.g.</u>, U.S.S.G. § 3C1.1 (2-point increase for obstruction of justice); U.S.S.G § 3E1.1 & note 1(a) (possible loss of acceptance of responsibility credit).

_____
                       JAMES ROBERTSON
                       United States District Judge